IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| DANIEL J. DOBER, | ) | |
| | ) | |
| Petitioner, | ) | 8:08CV182 |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT P. HOUSTON, Director, | ) | **MEMORANDUM AND ORDER** |
| Nebraska of Corrections, and FRED | ) | |
| BRITTEN, Warden, Tecumseh Corre. | ) | |
| Inst., | ) | |
| | ) | |
| Respondents. | ) | |

Respondents have filed a Motion for Summary Judgment contending that the claims of ineffective assistance of counsel set forth in the Petitioner's Habeas Petition are exhausted but procedurally defaulted without excuse. They are correct. Therefore, I will grant summary judgment and dismiss this case with prejudice.

## *I. BACKGROUND*

The material undisputed facts are these:

(1) Daniel J. Dober (Dober), who was convicted of second degree murder and use of a weapon to commit a felony and who was found to be a habitual criminal, asserts two federal claims regarding the ineffective assistance of his trial counsel and the ineffective assistance of his counsel on direct appeal. (Filing No. 11 (Memorandum and Order on initial review; condensing and summarizing potentially cognizable federal claims).)

(2) Dober perfected a direct appeal from his conviction to the Nebraska Court of Appeals, the Nebraska Court of Appeals affirmed the conviction on

September 11, 2007, and the Nebraska Supreme Court overruled the petition for further review on November 21, 2007. (Filing No. 14, Attach. 1, at CM/ECF p. 2.)

(3)  Before the mandate of the Nebraska Court of Appeals had been filed from the direct appeal, and on November 13, 2007, Dober filed a state post-conviction petition arguably raising, among other things, the ineffective assistance of counsel claims regarding his trial and appellate counsel[1] asserted in this federal action. (Filing No. 14, Attach. 3, at CM/ECF pp. 34-57.)

(4)  The state trial judge denied the post-conviction petition on November 27, 2007, and that order was entered on November 28, 2007. (*Id.* at CM/ECF p. 21.)

(5)  The mandate of the Nebraska Court of Appeals regarding the direct appeal, dated December 5, 2007, was filed on December 10, 2007. (*Id.* at CM/ECF p. 14.)

(6)  On December 4, 2007, Dober filed a motion to alter or amend the November 27, 2007 order denying his petition (*id.* at CM/ECF pp. 15-19), but that motion was denied on December 4, 2007 in an order filed on December 5, 2007. (*Id.* at CM/ECF p. 22.)

(7)  Believing that he lacked jurisdiction to deny the post-conviction petition before the direct appeal mandate had been filed, the state trial judge denied the post-conviction petition a second time on December 12, 2007, and that order was filed on December 13, 2007. (*Id.* at CM/ECF p. 12.)

---

[1] The same lawyer represented Dober at trial and on the direct appeal. (Filing No. 14, Attach. 1, at CM/ECF pp. 1, 42 (noting that Steve Lefler appeared for Dober in the Nebraska Court of Appeals and at trial).)

(8)     No notice of appeal was filed regarding any of the denials of the post-conviction petition. (Filing No. 14, Attach. 2, at CM/ECF p. 2 (docket sheet reflecting no notice of appeal from denial of post-conviction action, showing filing of mandate on direct appeal, showing the overruling of the post-conviction petition and then stating "NO APPEAL FILED[.]").)

## II.  ANALYSIS

There are two preliminary matters that must be addressed before resolving the substance of the summary judgment motion. They relate to Dober's failure to appeal the denial of the state post-conviction action and the general principles regarding exhaustion and procedural default that apply to this case. After discussing those matters, resolution of the summary judgment motion is straightforward.

### *Dober's Failure to Appeal*

In order to appeal the denial of his state post-conviction petition, Dober had thirty days after the denial to file a notice of appeal. Neb. Rev. Stat. § 29-3002 (Thomson 2008) (stating in pertinent part: "An order sustaining or overruling a motion filed under sections 29-3001 to 29-3004 shall be deemed to be a final judgment, and an appeal may be taken from the district court as provided for in appeals in civil cases."); Neb. Rev. Stat. § 25-1912(1) (Thomson 2008) (stating in pertinent part: "The proceedings to obtain a reversal, vacation, or modification of judgments and decrees rendered or final orders made by the district court, including judgments and sentences upon convictions for felonies and misdemeanors, shall be by filing in the office of the clerk of the district court in which such judgment, decree, or final order was rendered, within thirty days after the entry of such judgment, decree, or final order, a notice of intention to prosecute such appeal signed by the appellant or appellants or his, her, or their attorney of record . . . .")).

In post-conviction proceedings, the failure to file a timely notice of appeal is jurisdictional and the Nebraska courts do not overlook such failures. *State v. Pauley*, 176 N.W.2d 687 (Neb. 1970) (where the district court denied the post-conviction action on July 11, 1969, but the petitioner did not file a notice of appeal until September 15, 1969, the Nebraska Supreme Court ruled that "a failure to file a notice of appeal within 1 month from the entry of the judgment or final order appealed from prevents this court from obtaining jurisdiction of the appeal" and dismissed the appeal).

As earlier noted, the state court record indicates that Dober did not file a notice of appeal from the denial of his state post-conviction action (within the thirty-day time limit or otherwise). (Filing No. 14, Attach. 2, at CM/ECF p. 2 (docket sheet reflecting no notice of appeal from denial of post-conviction action and showing filing of mandate on the direct appeal, showing the overruling of the post-conviction petition and then stating "NO APPEAL FILED[.]").) Accordingly, Dober cannot now perfect such an appeal.

The state court record for the Clerk of the Douglas County District Court does contain a letter from Dober dated March 4, 2008 stating that "I am writing to you because back on December 12, [20]07[,] I sent a notice of intent and notice of appeal to you but I have not received anything back from you." (Filing No. 14, Attach. 2, at CM/ECF p. 1.)[2] I also observe that Dober has filed an unsworn statement in this action claiming that he submitted a notice of appeal. (Filing No. 15 at CM/ECF p. 2.)

Under Nebraska law, when the records of a clerk of court recount a fact regarding a notice of appeal, "it may be presumed that [the] public officer[] faithfully performed [his or her] official duties and that absent evidence showing misconduct or disregard of law, the regularity of official acts is presumed." *State v. Hess*, 622 N.W.2d 891, 900-901 (Neb. 2001) (in a post-conviction action, affirming district

---

[2]No evidence of mailing the notice of appeal was included with the letter.

-4-

court's decision that notice of appeal was not timely filed where clerk's records showed that the notice of appeal was not filed until a specific date; holding that the timely filing of documents is an official act to which the presumption of regularity attaches).

Dober's unsworn and uncorroborated assertion that he filed a notice of appeal is insufficient to overcome the presumption under Nebraska law that the clerk's records are correct and that Dober did not in fact file a notice of appeal. *Id.* The same is true under federal law. *See*, *e.g.*, *Arnold v. Wood*, 238 F.3d 992, 995 (8th Cir. 2001) (stating: "In the absence of reliable evidence to the contrary, we presume the accuracy of the district court clerk's docket entries.").

In particular, there is no reason to think that the state court record is incorrect given that it accurately reflects receipt of Dober's March 4, 2008 letter ostensibly inquiring about the notice of appeal. In other words, there is no reason to believe that the clerk of court would accurately record receipt of Dober's belated letter, but fail to accurately record Dober's submission of a notice of appeal. In addition, Dober contends in his March 4, 2008 letter that he sent the notice of appeal on *December 12, 2007*, but the order denying the post-conviction action was not filed until *December 13, 2007*. (Filing No. 14, Attach. 3, at CM/ECF p. 12.) Dober makes no effort to explain this inconsistency.

To conclude, there is no genuine material fact in dispute. Dober failed to file a notice of appeal from the denial of his post-conviction petition.

*General Principles Regarding Exhaustion and Procedural Default*

The following general principles apply here:

    \*    A habeas petitioner must first fairly present each claim he or she wishes to litigate in federal court to the state courts. 28 U.S.C. § 2254(b)(1). *See also*

-5-

*Anderson v. Harless*, 459 U.S. 4, 6, (1982) (A claim is properly presented when the state courts are given a " 'fair opportunity' to apply controlling legal principles to the facts bearing upon [the claim].") (quoting *Picard v. Connor*, 404 U.S. 270, 275, 277-78 (1971)).

\*     In Nebraska, a "fair opportunity" means that each habeas claim must be presented to the Nebraska Court of Appeals, and then in a petition for further review to the Nebraska Supreme Court if the Nebraska Court of Appeals rules against the petitioner. *See Akins v. Kenney*, 410 F.3d 451, 454 (8th Cir. 2005) (Nebraska law required habeas petitioner to file a petition for further review with the Nebraska Supreme Court in order to exhaust his available state court remedies after his conviction was affirmed by the Nebraska Court of Appeals; state rules indicated that such a procedure was considered the ordinary process because mandate could not issue until the 30-day period for filing such a petition had lapsed) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) (requiring a petitioner to exhaust one complete round of the State's established appellate review process)); *Akins v. Kenney*, 533 F.Supp.2d 935, 947 (D. Neb. 2008). In other words, a claim is not fairly presented until "'petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim.'" *Krimmel v. Hopkins*, 56 F.3d 873, 876 (8th Cir. 1995) (quoting *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir. 1993)).

\*     Nebraska courts "will not entertain a successive motion for postconviction relief unless the motion affirmatively shows on its face that the basis relied upon for relief was not available at the time the movant filed the prior motion. The need for finality in the criminal process requires that a defendant bring all claims for relief at the first opportunity." *State v. Moore*, 718 N.W.2d 537, 542 (Neb. 2006) (death penalty case holding that constitutional challenge to statutorily mandated method of execution was procedurally barred) (internal citation omitted), *cert. denied*, 127 S. Ct. 1134 (2007).

\*      If a petitioner fails to "fairly present" his claim to the state courts, and he can no longer present the claim to the state courts because, for example, a state court rule prohibits serial litigation, then the federal court will be precluded from considering the claim unless the petitioner fits into one of two exceptions. *See*, *e.g.*, *Winfield v. Roper*, 460 F.3d 1026, 1034 (8th Cir.2006), *cert. denied*, 127 S. Ct. 2256 (2007). That is, the petitioner must demonstrate "cause and prejudice" or a "miscarriage of justice" (like "actual innocence") in order to prosecute a claim when that claim has not been, and cannot be, fully and fairly asserted in the state courts. *Id.*

*Because of Unexcused Procedural Default, Summary Judgment Must Be Granted*

Turning directly now to the motion for summary judgment, because Dober failed to present his ineffective assistance of counsel claims, asserted in the state post-conviction petition, to the highest court in Nebraska, and because Nebraska law does not allow for serial post-conviction actions, Dober's claims are exhausted by procedural default and his claims must be dismissed with prejudice unless he can excuse that default. *See*, *e.g.*, *Armstrong v. Iowa*, 418 F.3d 924, 926-927 (8th Cir. 2005) (affirming dismissal with prejudice of habeas petition because inmate failed to appeal trial court's denial of state post-conviction action to Iowa Supreme Court).

Dober has not excused the default. He has not excused the default because he has failed to show cause and prejudice or a miscarriage of justice.

In particular, Dober has not shown that an objective factor external to his defense impaired his ability to comply with the Nebraska notice of appeal requirement. *See*, *e.g.*, *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (holding that petitioner did not show cause and prejudice or actual innocence to excuse default; citing *Murray v. Carrier*, 477 U.S. 478, 488 (1986) (where the Supreme Court gave as an example of "cause" a situation where official interference made compliance with state's procedural rules impracticable)).

Moreover, the evidence recounted by the Nebraska Court of Appeals makes it plain that Dober is not actually innocent. (Filing No. 14, Attach. 3, at CM/ECF p. 63 (Opinion of Nebraska Court of Appeals stating: "In the instant case, there was more than sufficient evidence to show that Dober committed the offenses of second degree murder and use of weapon to commit a felony. The State called several witnesses at trial, four of whom testified that Dober hit Kerns in the head repeatedly with a baseball bat after finding out that Kerns tried to have sex with Scoggins. The evidence shows that Kerns died as the result of a blunt force trauma to his head.").)

Accordingly,

IT IS THEREFORE ORDERED that:

1. Respondents' Motion for Summary Judgment (filing no. 12) is granted.

2. Dober's Motion to Appoint Counsel (filing no. 17) is denied, and Respondents' objection to Dober's Motion to Appoint Counsel (filing no. 19) is denied as moot.

3. Dober's objection to Respondent's Motion for Summary Judgment (filing no. 15) is denied.

4. A separate judgment will be issued dismissing this case with prejudice.

July 29, 2008                      BY THE COURT:

                                         *s/Richard G. Kopf*
                                         United States District Judge